UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STAFFING CONCEPTS INTERNATIONAL,
INC.,

    Plaintiff,

v.                                       CASE NO: 8:06-cv-2031-T-23TBM

CNA CLAIMPLUS, INC.,

    Defendant.
_____/

**ORDER**

"This is another arbitration dispute in which the parties are litigating whether or not they should be litigating." Terminix Int'l Co., LP v. Palmer Ranch Ltd. P'ship, 432 F.3d 1327, 1328 (11th Cir. 2005) (Tjoflat, J.). Staffing Concepts International, Inc. ("SCI") petitions (Doc. 11) the court to stay an Illinois arbitration proceeding pending before the American Arbitration Association ("AAA"). CNA ClaimPlus, Inc. ("CNA") moves (Doc. 14) to dismiss SCI's petition or, in the alternative, to transfer venue to the United States District Court for the Northern District of Illinois. SCI opposes (Doc. 16) the motion to dismiss or transfer.

Before addressing the merits of any case, a district court has an "independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y & H Corp., 126 S. Ct. 1235, 1240 (2006). Accordingly, a district court may raise *sua sponte* the question of subject-matter

jurisdiction "at any stage in the proceeding." Arbaugh, 126 S. Ct. at 1240-41.  In every case, a district court must enjoy at least one of three bases for subject-matter jurisdiction, which include "(1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)."  Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

In its amended verified petition (Doc. 11), SCI invokes this court's federal subject-matter jurisdiction pursuant to "the Federal Arbitration Act, 9 U.S.C. §§ 1 to 16" (Doc. 11 at 1).  However, the Federal Arbitration Act confers no independent statutory basis for federal subject-matter jurisdiction.  Household Bank v. JFS Group, 320 F.3d 1249, 1253 (11th Cir. 2003); Tamiami Partners v. Miccosukee Tribe of Indians, 177 F.3d 1212, 1222-23 (11th Cir. 1999) ("[T]he Federal Arbitration Act alone is insufficient to confer federal jurisdiction over disputes involving arbitration agreements.").  Rather, some independent basis for subject-matter jurisdiction (such as diversity or a federal question) must exist.  Baltin, 128 F.3d at 1469.

Federal question jurisdiction exists only if the "well-pleaded complaint standing alone establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd. of the State of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 103 S. Ct. 2841, 2856 (1983).  Standing alone, SCI's amended petition to stay the pending Illinois arbitration requires no "resolution of a substantial question of federal law." Franchise Tax Bd. of the State of Cal., 103 S. Ct. at 2856.  In the underlying

arbitration, CNA, as successor to RSKCo Services, Inc. ("RSKCo"), alleges SCI's failure to reimburse moneys pursuant to several claim services agreements (Doc. 11-2). As a contract dispute governed solely by state law, the pending Illinois arbitration raises no federal question. Although the Federal Arbitration Act "creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate . . . it does not create any independent federal-question jurisdiction under 28 U.S.C. § 1331 or otherwise." Moses H. Cone Mem'l Hosp., 103 S. Ct. at 942 n.32.

Finally, subject-matter jurisdiction exists in a civil action only if the amount in controversy exceeds $75,000 (exclusive of interest and costs) and the action is between "citizens of different States." 28 U.S.C. § 1332(a)(3). SCI's amended petition (Doc. 11) to stay the Illinois arbitration contains no claim for damages but seeks only a stay of the arbitration proceeding. Further, CNA's prayer for relief in its arbitration demand (Doc. 11-2) seeks only declaratory relief and "damages in excess of $60,000.00 in unpaid claim services fees," which amount fails on its face to satisfy the jurisdictional amount required by 28 U.S.C. § 1332(a). SCI apparently relies on additional boilerplate language in CNA's demand for arbitration (Doc. 11-2), which "reserves the right to recover additional amounts from SCI under the Claim Services Agreements" (Doc. 11-2). But this general reservation of right assigns no dollar amount to CNA's future damages, which remain indeterminate. See Federated Mutual Ins. v. McKinnon Motors, LLC, 329 F.3d 805, 807 (11th Cir. 2003). If diversity jurisdiction is premised in part on a contingent claim for indeterminate damages, the party seeking to invoke federal jurisdiction bears the burden of proving satisfaction of the jurisdictional amount.

- 3 -

Federated Mutual Ins., 329 F.3d at 807 (citing Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1356-57 (11th Cir. 1996)).  SCI fails altogether to establish the existence of a controversy for damages in excess of  $75,000 (exclusive of interest and costs).

Because a federal court enjoys limited jurisdiction, "there is a presumption against the exercise of federal jurisdiction."  Russell Corp. v. American Home Assur. Co., 264 F.3d 1040, 1050 (11th Cir. 2001).  SCI's amended petition (Doc. 11) presents no independent basis for federal subject-matter jurisdiction.  If a "district court lacks subject-matter jurisdiction, it should dismiss the complaint '*sua sponte* if necessary, pursuant to Fed. R. Civ. P. 12(h)(3)' instead of [deciding] the merits."  Jenkins v. Lennar Corp., No. 06-13710, 2007 WL 419691, at *1 (11th Cir. Feb. 8, 2007) (quoting Nat'l Parks Conservation Ass'n v. Norton, 324 F.3d 1229, 1240 (11th Cir. 2003)).

Accordingly, pursuant to Rule 12(h)(3), Federal Rules of Civil Procedure, this action is **DISMISSED** for lack of subject-matter jurisdiction.  The Clerk is directed to terminate any pending motion and close the case.

ORDERED in Tampa, Florida, on March 16, 2007.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

cc:     US Magistrate Judge
        Courtroom Deputy